**In the Matter of Donald Paul BERKEM-EIER d/b/a Don Berkemeier Farms, Debtor.**

**SOHIO CHEMICAL COMPANY, Plaintiff,**

v.

**Donald Paul BERKEMEIER, Defendant.**

**Bankruptcy No. IP82–4470B.
Adv. No. 83–158.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Nov. 10, 1983.

Robert T. Thopy, Matchett & Thopy, Shelbyville, Ind., for plaintiff.

Thomas D. Titsworth, Bamberger & Feibleman, Indianapolis, Ind., David A. Malson, Rushville, Ind., for debtor/defendant.

ENTRY ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. BAYT, Bankruptcy Judge.

The Complaint and Amended Complaint filed by the plaintiff, Sohio Chemical Company ("Sohio"), allege that the defendant, Donald P. Berkemeier ("Berkemeier"), embezzled or willfully and maliciously injured property belonging to Sohio. The defendant filed a Motion for Summary Judgment accompanied by the affidavits of Donald Paul Berkemeier and Linda Mahan. In opposition, the plaintiff filed, and moved for publication of, the depositions of Larry Lloyd and Robert Decatur. Each party has filed a brief. On October 11, 1983, a hearing was held on the defendant's Motion for Summary Judgment. Having heard the arguments, and having examined the documents and pleadings submitted by the parties, the Court now finds the following.

The issue squarely raised by the defendant's motion concerns whether the president and active manager of a corporation can be held personally liable on a claim for embezzlement or willful and malicious injury to property when that person, the president and manager, acted at all times in his

dealings with the property as agent for his corporation. The defendant Berkemeier was the president and active manager of Arlington Farm Supply, Inc. ("Arlington"). Berkemeier, on behalf of Arlington, entered into an agreement with the plaintiff, then doing business as Vistron Corporation, whereby the plaintiff would store certain quantities of its fertilizer in Arlington's warehouse. In his affidavit, the defendant admits that Arlington "borrowed" from Vistron 300 tons of potash during the fall, 1979 fertilizer season, and that these removals took place without the prior knowledge of Vistron. In the summer of 1980 there was a further shortage of 135 tons of DAP fertilizer and 267 tons of potash fertilizer. The defendant also reveals at paragraph 19 of his affidavit that Arlington did not have some 230 tons of potash belonging to Vistron which it should have had. Berkemeier states that the missing potash had been used by Arlington in the course of its own business.

■ The defendant, in his motion, claims that because the plaintiff's property was entrusted to the corporation, Arlington Farm Supply, Inc., that he, the defendant/debtor, cannot be responsible for the plaintiff's missing property. The Court does not agree. First, the defendant overlooks the fact that he himself, in his bankruptcy petition and accompanying schedules, has listed the plaintiff as a creditor. Second, the basis of the plaintiff's claims, as stated in the original and amended complaints, is the alleged embezzlement of the plaintiff's property by the defendant, and the willful and malicious injury by the defendant of the plaintiff's property. Embezzlement has been defined as:

"... the fraudulent appropriation by a person to whom such property has been entrusted or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking."

3 Collier on Bankruptcy, ¶ 523.14(3).

The act of embezzlement is committed by an individual, and that individual will not be permitted to shield himself from nondischargeability for fraud by asserting that he was acting as an employer-officer of the corporation. This is particularly true where a debtor/defendant has acted as the president and manager of a corporation. In *John P. Maguire & Co. v. Herzog*, 421 F.2d 419 (5th Cir.1970), the president and chief managing officer of Home Furniture Company was held by the trial court to be personally obligated to one of Home's creditors on the theory that he had misappropriated the property of that creditor. That indebtedness was excepted from discharge under § 17(a)(4) of the old Bankruptcy Act, the predecessor of § 523(a)(4) of the new Code. Home Furniture Company was in a tight cash position, and it therefore applied available cash to the payment of creditors with the loudest demands, including those creditors to whom its president and manager, Herzog, was secondarily liable. The complaining creditor John P. Maguire & Co., had a floor plan financing arrangement with Home. Instead of taking the proceeds from furniture sales and delivering those to Maguire & Co., Home applied them to the debts owing other creditors.

The president-manager Herzog contended that the arrangement with Maguire & Co. was purely contractual, and was not created by any misappropriation. The Court of Appeals stated that the original debt due the creditor Maguire & Co. arose out of Home's contractual obligation to Maguire. However, the basis of the creditor's suit was the direction and application of the proceeds of furniture sales to other creditors. The court concluded that § 17(a)(4) of the Act was applicable when an officer of a corporation misused his position to gain personal benefit at the expense of corporate creditors.

Finally, the plaintiff Sohio contends that its claim is properly asserted against the defendant in his personal bankruptcy because Berkemeier personally benefited from the alleged misuse of the plaintiff's property. In such situations, the courts have not hesitated in the past to pierce the corporate veil and find defendants liable for non-dischargeable obligations.

■ It is the opinion of the Court that the plaintiff has raised a question of fact as to whether the defendant personally benefited from the alleged embezzlement or willful and malicious injury to the plaintiff's property. If the defendant Berkemeier personally benefited from such conduct, even though he was acting at the time as president and manager of his corporation, he may, as a matter of law, be personally liable for such conduct. The defendant, therefore, is not entitled to summary judgment.

### ENTRY ON THE DEFENDANT'S OBJECTIONS TO ADMISSIBILITY OF DEPOSITIONS

The defendant Berkemeier has also filed written objections to the admissibility of the depositions of Lloyd and Decatur which were offered by Sohio. As grounds he states that the testimony is incompetent, irrelevant and immaterial. The Court finds that the offered deposition testimony is relevant and material to the issue of whether Berkemeier personally benefited from the alleged embezzlement or malicious or willful injury to property. Berkemeier's objections are, therefore, overruled.